Manuel W. Levine, J.
This is an action brought by the Supervisor of the Town of Oyster Bay to declare a resolution of the Town Board illegal and invalid and to enjoin the Comptroller of the town from transferring any moneys between accounts pursuant to resolutions of the Town Board unless the Supervisor has recommended such transfer.
While the pleadings raise the issue as to whether a Town Supervisor has the capacity to bring this action the defendants request the court to disregard it and determine this action on the merits.
The facts are: The Town of Oyster Bay became a Suburban Town on the 1st day of January, 1966; on August 23, 1966, the Town Board adopted Resolution No. 1329-1966 which authorized and directed the transfer of $9,800 from the “Plainview-Old Bethpage Park District — ■ Surplus Acct. No. 59708 ” to “ Plain-view-Old Bethpage Park District — Other Acct. No. 59703.” This transfer was to defray the cost of a pilot recreational program for handicapped children in the district. The resolution was adopted without recommendation of the Town Supervisor.
The plaintiff contends that the Town Board does not have the authority or power to adopt the resolution herein without his recommendation and gives as his authority sections 51 and 52 of article 3-A, Suburban Town Law, of the Town Law.
Section 51 provides, insofar as applicable, that the Town Board “shall be the legislative, appropriating, governing and policy determining body of the town and shall have and exercise all such powers and duties as are conferred or imposed upon it or are necessarily incidental thereto which are consistent with the provisions of this article;” and, “In addition to functions, *1082 powers and duties otherwise granted to it, the town board * * * also shall have the following functions, powers and duties:
< Í * * *
“2. On recommendation of the supervisor, approval of budget modifications and transfers between budgetary appropriations in the annual budget or in the capital budget, if any.”
Section 52, insofar as pertinent in this action, provides that the Supervisor (plaintiff) shall be the chief executive and administrator of the town; further that in addition to powers conferred upon him by law he “shall have the following functions, powers and duties: * * * 2. * * * be responsible for recommending modifications and transfers between appropriations in such budget during the fiscal year.”
The language used in these sections is clear and unequivocal. Consequently, the court need not discuss at great length rules of construction. However, it is appropriate to state that in reading a statute the whole thereof must be considered. In sections 51 and 52 the functions, powers and duties expressed therein are in addition to those otherwise granted by law. This requires a reading of other provisions of the Town Law which encompass budgetary matters, more particularly transfer of surplus moneys.
Section 107 (of art. 8, Finances) provides that the Town Board may authorize the expenditure of surplus town moneys for any lawful town purpose and any district funds for any lawful purpose of such District. There is no conflict between this section and sections 51 and 52. The latter sections provide for an additional power of modification and transfer of funds within the budget. This power applies to funds which are appropriated or committed. Surplus funds are those which have not been appropriated and section 107 gives the power to the Town Board to appropriate, commit or transfer surplus funds.
The court, having determined that the Town Board (defendants) may transfer surplus funds for a lawful purpose, must of necessity determine whether the purpose for which the funds were transferred is a lawful one. The purpose, a recreational program for handicapped children in the park district, is so obviously lawful that discussion thereof would serve no useful purpose.
The complaint herein is dismissed and judgment in favor of the defendants is granted, without costs.